_____ FILED _____ ENTERED
_____ LODGED _____ RECEIVED

NOV 0 1 2018

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SEAN STERLING, | * | |
| Petitioner, | * | Civil Action No.: RDB-16-2271 |
| v. | * | Criminal Action No.: RDB-06-0179 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

The Petitioner Sean Sterling ("Petitioner" or "Sterling") brings his second Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255, pursuant to an Order from the United States Court of Appeals for the Fourth Circuit granting him authorization to file a second or successive § 2255 motion in light of the United States Supreme Court's decision in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015).[1] (ECF No. 443.) Also pending before this Court are numerous other Motions filed by the Petitioner, including Petitioner's Motion for Reconsideration of this Court's Memorandum Opinion and Order denying his prior Motion to Vacate Under 28 U.S.C. § 2255 (ECF No. 405), Motion for Relief from Judgement Pursuant to Federal Rules of Civil Procedure 60(b)(5) and (6) (ECF No. 415), and Motion for Reconsideration of this Court's Memorandum Opinion and Order denying his Motion to Vacate Conviction under 28 U.S.C. §2241 (ECF No. 441).[2]

---

[1] In *Johnson*, the United States Supreme Court struck down the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii) as unconstitutionally vague.
[2] There are four other Motions pending before this Court. First, Petitioner's Motion to Appoint Counsel (ECF No. 455) in relation to his second Motion to Vacate, which is DENIED because neither an evidentiary

1

This Court has reviewed the parties' submissions, and finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated below, Petitioner's Motion for Reconsideration of this Court's Memorandum Opinion and Order denying his prior Motion to Vacate Under 28 U.S.C. § 2255 (ECF No. 405) is DENIED; Petitioner's second Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 443) is DENIED; Petitioner's Motion for Relief from Judgement Pursuant to Federal Rule of Civil Procedure 60(b)(5) and (6) (ECF No. 415) is DENIED; and Petitioner's Motion for Reconsideration of Court's Opinion and Order denying the Motion to Vacate Conviction under 28 U.S.C. §2241 (ECF No. 441) is DENIED.

## BACKGROUND

The complete background of this case is set forth in detail in this Court's two prior Memorandum Opinions denying Petitioner's Motions to Vacate. (ECF Nos. 403, 439; *Sterling v. United States*, Nos. RDB-06-0179, RDB-11-3209, 2013 WL 588973 (D. Md. Feb 13, 2013); *Sterling v. N'Diaye*, No. RDB-15-1338, 2016 WL 8715676 (D. Md. Jan. 22, 2016).) Briefly, Petitioner Sterling was charged along with six co-conspirators in a Fourth Superseding Indictment with two counts of possession of a firearm in furtherance of a drug trafficking crime resulting in death, in violation of 18 U.S.C. § 924 (Counts III and IV). (Judgment 1, ECF No. 264.)

At trial, cooperating witnesses testified that Sterling participated in the May 28, 2001 murder of Kenyatta Harris and the June 26, 2001 murder of Angelo Stringfellow. Sterling

---

hearing nor the interests of justice require appointing counsel. 18 U.S.C. § 3006A(a)(2)(B); Rule 8(c) of the Rules Governing Section 2255 Proceedings. Second, Petitioner's Motion to Correct Clerical Error (ECF No. 463), which is DENIED because a litigant does not have a right to file a response to a surreply. Finally, two Motions to Amend the second Motion to Vacate (ECF Nos. 468, 477), which are both GRANTED.

and his accomplices, including Corey Smith, Perry Austin, and William DeShields, carried out the murders as part of a "contract" put on the lives of the victims by Jermaine Bell, a Baltimore drug dealer affiliated with the R & G drug organization, because of a "battle over some drug territory." The testimony of Corey Smith, Perry Austin, Linwood Smith, Detective Coleman, and William DeShields presented evidence that Sterling discussed the murder plan in advance of the crime, drove the shooters and the firearms to the murder scenes, helped locate Harris and Stringfellow, provided transportation away from the crime scene after the shootings, allowed the murder weapons to be stored in the sunroof of his silver Pathfinder truck before and after the crimes, and helped to dispose of the murder weapon after the Stringfellow murder.

On December 3, 2008, after an eight-day jury trial, Sterling was found guilty on both counts of possession of a firearm in furtherance of a drug trafficking crime resulting in death, in violation of 18 U.S.C. § 924(j). (Verdict Form 1, ECF No. 238.) Subsequently, on February 19, 2009, this Court sentenced him to 264 months of imprisonment and five years of supervised release. (Judgment 2, ECF No. 264.) Petitioner, at times represented by counsel, filed numerous motions post-trial attacking both his conviction and sentence. As many of Sterling's now-pending Motions seek relief from judgment or reconsideration of this Court's prior opinions on those motions, the motions and this Court's rulings are described below.

I.  **Petitioner's appeal to the Fourth Circuit**

First, Petitioner, represented by counsel, appealed his conviction to the United States Court of Appeals for the Fourth Circuit, arguing that "the evidence was insufficient to

3

demonstrate that he possessed the weapons in furtherance of a heroin conspiracy." (ECF No. 266; *United States v. Sterling*, No. 09-4205, 401 F. App'x 775 (4th Cir. Nov. 12, 2010).) The Fourth Circuit affirmed, holding that the evidence was sufficient to support his convictions. (ECF Nos. 335, 336; *Sterling*, 401 F. App'x 775.)

## II. Plaintiff's first Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255

On November 9, 2011, Sterling, through different counsel, filed his first Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255, arguing that (1) his trial counsel provided ineffective assistance of counsel in violation of the Sixth Amendment; (2) the government failed to disclose *Brady* evidence material; (3) the government lacked jurisdiction over the murders; and (4) the courtroom environment was inherently prejudicial in violation of the Fourteenth Amendment. (ECF No. 372.) This Court denied the Motion on all four grounds. (ECF Nos. 403, 404; *Sterling v. United States*, Nos. RDB-06-0179, RDB-11-3209, 2013 WL 588973 (D. Md. Feb 13, 2013).) Subsequently, the Petitioner filed a now-pending *pro se* Motion for Relief from Judgment of this Court's Memorandum Opinion and Order denying his Motion to Vacate Under 18 U.S.C. § 2255. (ECF No. 415.)

## III. Plaintiff's Motion to Vacate Under 28 U.S.C. § 2241

Five months later, the Office of the Federal Public Defender ("OFPD") filed a Motion to Vacate Under 18 U.S.C. § 2241 on behalf of Petitioner, based on the Supreme Court's decision in *Rosemond v. United States*, 572 U.S. 65, 134 S. Ct. 1240 (2014). (ECF No. 426.) As background, to have convicted Sterling under 18 U.S.C. § 924(j), the Government had to prove that Sterling (1) was a member of the underlying drug conspiracy (conspiracy to distribute and possess with intent to distribute heroin), (2) possessed a firearm during, in

4

relation, or in furtherance of that conspiracy, and (3) used the firearm to murder the victims or aided and abetted others in doing so. *United States v. Reid*, 523 F.3d 310, 318 (4th Cir. 2008). In *Rosemond*, the Supreme Court held that a person may only be convicted of aiding and abetting an offense for possessing, carrying, or using a firearm during and in relation to a drug trafficking crime when he had both advance knowledge (1) that a confederate will possess, carry, or use a gun during and in relation to the underlying crime and (2) that the underlying offense is a drug-trafficking crime. The OFPD argued that because this Court's instructions to the jury did not include an advanced knowledge requirement, as one was not required under the law at the time, *Rosemond* placed the conduct covered by this Court's jury instructions beyond the scope of the conduct made criminal by the statute, and therefore Sterling was convicted of a crime that was no longer criminal under 18 U.S.C. § 924(j). (ECF No. 426.) In response, the Government argued that while this Court did not in fact instruct the jury on the advanced knowledge requirement—as it was not the law at the time—Sterling was not entitled to relief because the evidence presented during the trial clearly showed that he knew a gun would be used during the murders. (ECF No. 436.)

This Court began by noting that although the Government conceded that *Rosemond* announced a substantive rule that was retroactively applicable to Sterling, this was an unresolved issue in which many United States District Courts had held that it did not create a "new rule."[3] (ECF Nos. 439, 440; *Sterling v. N'Diaye*, No. RDB-15-1338, 2016 WL 8715676,

---

[3] While "an old rule applies both on direct and collateral review, []a new rule is generally applicable only to cases that are still on direct review." *Whorton v. Bockting*, 549 U.S. 406, 416 (2007). "A new rule applies retroactively in a collateral proceeding only if (1) the rule is substantive or (2) the rule is a 'watershed rul[e] of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." *Id.* As explained below in the context of Petitioner's Motion for Reconsideration, United States District Courts in the Fourth Circuit have continued to hold that *Rosemond* did not announce a new, substantive rule.

5

at *2 (D. Md. Jan. 22, 2016).) This Court then addressed the propriety of Petitioner bringing his Motion under § 2241 by means of 18 U.S.C. § 2255's Savings Clause because he previously filed a § 2255 motion which was denied. The Savings Clause provides that "when § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (citing 28 U.S.C.A. § 2255). A § 2255 motion is inadequate and ineffective when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Id.* at 333-34.

This Court held that the Petitioner had not satisfied all the *In re Jones* requirements because the evidence introduced during Sterling's trial showed that he knew a gun would be using during the Harris and Stringfellow murders and therefore established his guilt under *Rosemond*. *Sterling*, 2016 WL 8715676, at *3. "Clearly, he aided and abetted the murder of two people and had 'advanced knowledge' that firearms would be used during the crime," and accordingly his conduct was illegal at the time of his conviction. *Id.* Subsequently, the OFPD filed the now-pending Motion for Relief from Judgment of that Opinion and Order, asserting that while this Court addressed whether Sterling knew the firearms would be used during the crimes, it did not address whether Sterling knew the crimes were drug-trafficking crimes. (ECF No. 441.)

### IV. Petitioner's second Motion to Vacate, Set Aside, or Correct Under 28 U.S.C. § 2255

Finally, after the United States Supreme Court decided *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015) on June 26, 2015, and struck down the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii) as unconstitutionally vague, Sterling filed a motion to file a second § 2255 motion, pursuant to Rule 9 of the Rules Governing Section 2254 and 2255 Cases. The Fourth Circuit granted the motion on the ground that the new rule of constitutional law announced by the Supreme Court might perhaps apply to Sterling's case. (ECF No. 442.) Subsequently, the Petitioner filed his *pro se* second Motion to Vacate Under 18 U.S.C. § 2255 and two Motions to Amend. (ECF Nos. 443, 468, 477.) The Office of the Federal Public Defender did not join in Petitioner's Motion or otherwise file a *Johnson* motion on his behalf.

## STANDARD OF REVIEW

As a *pro se litigant*, the Petitioner Sterling's pleadings have been "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). The Petitioner has filed several motions, and the standards of review for each are outlined below.

To support a motion under Federal Rule of Civil Procedure 60(b) for relief from judgement, the moving party must show "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Hale v. Belton Assoc., Inc.*, 305 F. App'x 987, 988 (4th Cir. 2009) (citation ommitted). If these threshold requirements are met, the moving party must then show: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been

7

discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment. *See* Fed. R. Civ. P. 60(b). "Rule 60(b) provides extraordinary relief and may only be invoked under 'exceptional circumstances.'" *Mines v. United States*, No. WMN-10-520, 2010 WL 1741375, at *2 (D. Md. April 28, 2010) (Nickerson, J.) (citation omitted).

As to Petitioner's Motions for Reconsideration, the Federal Rules of Civil Procedure do not expressly recognize such a motion. Rather, if the motion was filed within 28 days of the judgment, it is analyzed as a motion to alter, amend, or vacate a prior judgment under Rule 59(e). *See* Fed. R. Civ. P. 59(e); *see also MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 280 (4th Cir. 2008). If the motion is filed later, Rule 60(b) controls. *Id.* Here, the Petitioner has filed two Motions for Reconsideration. The first (ECF No. 405), was filed five months after the judgement and is thus analyzed under the above standard of Rule 60(b), and the second motion (ECF No. 441) was filed within 28 days of the judgement and is analyzed under Rule 59(e). The Fourth Circuit has repeatedly recognized that a final judgment may be amended under Rule 59(e) in only three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *See, e.g., Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n.8 (4th Cir. 2008).

Finally, under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside or correct his sentence where (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) the court lacked "jurisdiction to impose the sentence, . . . [(3)]

the sentence was in excess of the maximum authorized by law, or [(4) the sentence] is otherwise subject to a collateral attack." 28 U.S.C. § 2255. "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

## ANALYSIS

I. **Petitioner's Motion for Reconsideration of Memorandum Opinion and Order Denying his prior Motion to Vacate, Set Aside, or Correct Under 28 U.S.C. § 2255 (ECF No. 405)**

Sterling's first pending Motion is a Motion for Reconsideration of this Court's prior Memorandum Opinion and Order denying his first Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255. (ECF No. 405.) Sterling, through counsel, filed his first Motion to Vacate on November 9, 2011. (ECF No. 372.) As described above, after reviewing the parties' submissions, this Court denied the Motion on February 13, 2013. (ECF No. 403.)

On July 29, 2013, Sterling filed his Motion for Reconsideration. (ECF No. 405.) The one-page Motion is premised on Petitioner's belief that "[b]riefs were submitted *pro-se* instead of being filed by & through Attorney Sharon Lewis." *Id.* Petitioner's § 2255 Motion, however, in addition to the Reply to the Government's Opposition, were submitted by his counsel at that time, Sharon Theodore-Lewis. (ECF Nos. 372, 392.) While this Court's Memorandum Opinion denying the Motion to Vacate did incorrectly note that the Motion was filed *pro se*, this was a typographical error that did not in any way prejudice the Petitioner. Therefore, because this is the only ground Petitioner raises and his first Motion

9

to Vacate was not in fact filed *pro se*, Petitioner's Motion for Reconsideration of this Court's prior Memorandum Opinion (ECF No. 405) is DENIED.

## II. Petitioner's Second Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 443)

On June 21, 2016 Petitioner, proceeding *pro se*, filed a second Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255.[4] (ECF No. 443.) The Motion is premised upon the fact that this Court determined that Petitioner was a career offender during his sentencing under the violent felony portion of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. §924(e), which was found to be unconstitutionally void for vagueness in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015). (ECF No. 452 at 3.) Petitioner argues that *Johnson*, in addition to subsequent Supreme Court holdings, render his sentence unconstitutional.

While Petitioner's submissions demonstrate that he may no longer qualify as a career offender under ACCA after the Supreme Court's decision in *Descamps v. United States*, ___ U.S. ___, 133 S. Ct. 2276 (2013),[5] he has not shown that his sentence would have been different but-for the career offender designation. As the United States Court of Appeals for the Fourth Circuit held in *United States v. Parral-Dominguez*, 794 F.3d 440 (4th Cir. 2015), "[g]uidelines error is harmless if we believe (1) the district court would have reached the

---

[4] As explained *supra*, the motion was filed pursuant to an Order from the United States Court of Appeals for the Fourth Circuit granting authorization to file a second or successive § 2255 motion in light of the Supreme Court's decision in *Johnson*. (ECF No. 402.)

[5] In the Government's initial Reply to the Motion to Vacate, it argued that *Johnson* does not apply because Petitioner's career offender status was founded upon two state drug-based felony convictions. (ECF No. 452.) In the Petitioner's Response to the Reply, he attached state judicial records showing that one of the convictions was for simple possession of marijuana rather than possession of marijuana with intent to distribute. (ECF No. 453.) The Government concedes that if correct, Petitioner may not be a career offender. (ECF No. 454.) This is in part because after *Descamps v. United States*, ___ U.S. ___, 133 S. Ct. 2276 (2013), one of his other prior convictions for Maryland second-degree assault is an indivisible offense that categorically is not a violent felony for purposes of the ACCA. *United States v. Royal*, 731 F.3d 333 (4th Cir. 2013).

same result even if it had decided the guidelines issue the other way, and (2) the sentence would be [substantively] reasonable even if the guidelines issue had been decided in the defendant's favor." 794 F.3d at 417; *see also United States v. Barnett*, Nos. 14-4866, 14-4885, 660 F. App'x 235, 246 (4th Cir. 2016).

In Sterling's Pre-Sentence Investigation Report, he was deemed a career offender under United States Sentencing Guideline § 4B1.1. (ECF No. 453-1.) His offense level, however, was not determined under § 4B1.1. (*Id.*) This is because his offense level under § 4B1.1 would have only been 37, while his offense level for the instant offense was 45. (*Id.*) Therefore, his offense level was determined to be 45. (*Id.*) With a criminal history category of VI, his advisory guideline range was calculated to be life imprisonment. (Sentencing Tr., ECF No. 452-1 at 16.) During sentencing, however, the Government argued that a life sentence was not appropriate for several reasons, and advocated that a sentence between 240 months and 360 months was appropriate. (*Id.* at 22-24.) This Court considered the guideline range and the factors under 18 U.S.C. § 3553(a), including the extremely violent nature and circumstances of the offense, and sentenced Petitioner to 264 months. (*Id.* at 48-53.)

Had Petitioner *not* been deemed a career offender, his offense level would have remained 45 due to the instant offense. (ECF No. 453-1.) While his criminal history category would have been lower, dropping to a IV, his advisory sentencing range would still have been life. (*Id.*) Therefore, his designation as a career offender had no impact on his advisory guideline range. This Court confirmed this during sentencing:

> **COURT:** Well, career offender is of no moment. Even if he was at a lower criminal history category, his offense level is such the guidelines would be life anyway.

11

(ECF No. 452-1 at 35.) Moreover, as explained above, this Court sentenced the Petitioner below the advisory guideline sentence of life imprisonment and there is nothing in the Sentencing Transcript that indicates this Court considered the career offender designation while determining that 264 months was a reasonable sentence. Therefore, had Sterling not been deemed a career offender, this Court would have reached the same result, which was a substantively reasonable sentence. *See Barnett*, 660 F. App'x 235 at 436-47 (holding that the even if the defendant's designation as a career offender was in error, the error was harmless). Accordingly, there has not been a miscarriage of justice and the Petitioner's Second Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 is DENIED.[6]

### III. Petitioner's Motion for Relief from Judgement Pursuant to Federal Rule of Civil Procedure 60(b)(5) and (6) (ECF No. 415) and Petitioner's Motion for Reconsideration of this Court's Opinion and Order denying the Motion to Vacate Conviction under 28 U.S.C. §2241 (ECF No. 441)

Finally, currently pending are also the Petitioner's Motion for Relief from Judgment (ECF No. 415) and Motion for Reconsideration of this Court's prior Memorandum Opinion and Order denying his Motion to Vacate Conviction Under 28 U.S.C. § 2241 (EEF No. 441). As described above, the Office of the Federal Public Defender filed on Petitioner's behalf a Motion to Vacate Conviction Under 28 U.S.C. § 2241 in light of the Supreme Court's ruling in *Rosemond v. United States*, 572 U.S. 65, 134 S. Ct. 1240 (2014). (ECF No. 426.) In this Court's ruling on that Motion, this Court first noted that it was unresolved whether *Rosemond* announced a new, substantive rule entitling Petitioner to relief. However, this Court determined that even if *Rosemond* announced a new rule, the Petitioner did not

---

[6] To the extent Petitioner's Motion for Relief from Judgment (ECF No. 415) also relies on this argument, that Motion (415) is DENIED.

meet all of the requirements of the Savings Clause to bring a § 2241 Motion. (ECF Nos. 439, 440; *Sterling v. N'Diaye*, No. RDB-15-1338, 2016 WL 8715676 (D. Md. Jan. 22, 2016).) Specifically, this Court reviewed the evidence from Sterling's trial and determined that the evidence showed that Sterling had advanced knowledge that the firearms would be used during the underlying murders and was therefore guilty under *Rosemond*. (*Id.*)

Subsequently, the Office of the Federal Public Defender filed a Motion for Reconsideration of this Court's Memorandum Opinion and Order. (ECF No. 441.) The Motion argues that although this Court addressed whether the evidence was sufficient to establish that Sterling had advanced knowledge that the firearms would be used during the underlying crimes, this Court did not address whether the evidence established that Sterling had advanced knowledge that the underlying crimes were *drug-trafficking* crimes, as required by *Rosemond*. (*Id.*) For the reasons explained below, the Petitioner's Motion for Reconsideration is without merit.

First, since Petitioner's § 2241 Motion, the United States Supreme Court and the United States Court of Appeals for the Fourth Circuit have still not analyzed whether *Rosemond* created a new, substantive rule that applies retroactively to cases on collateral review. It appears from this Court's decision in *United States v. Franklin*, No. MJG-11-0095, 2017 WL 68638 (D. Md. Jan. 6, 2017), that Government counsel in this case may not have initially argued that *Rosemond* does not apply retroactively at the direction of the Department of Justice. 2017 WL 68638, at *4 ("The Department of Justice has instructed its attorneys to

13

take the position that *Rosemond* is retroactive.").[7] This position is consistent with the United States Courts of Appeals for the Seventh and Eighth Circuits which have held that *Rosemond* does apply retroactively to cases on collateral review. *See Montana v. Cross*, 829 F.3d 775, 784 (7th Cir. 2016) (holding *Rosemond* applies retroactively); *see also United States v. McArthur*, 850 F.3d 925 (8th Cir. 2017) (same). The Fifth Circuit, however, has held that *Rosemond* does not apply retroactively. *See United States v. Nix*, 694 F. App'x 287 (5th Cir. 2017) (collecting Fifth Circuit cases holding that the petitioners did not show that *Rosemond* applied retroactively). More recently, the Third Circuit granted a certificate of appealability on the issue of whether *Rosemond* applies retroactively, but subsequently declined to reach the issue. *United States v. Whitted*, No. 15-3752, 734 F. App'x 90 (3d Cir. May 18, 2018).

While the Fourth Circuit has not directly analyzed whether *Rosemond* applies retroactively, however, it has affirmed decisions of United States District Courts in this Circuit holding that *Rosemond* does not apply retroactively to cases on collateral review. For example, in *Bey v. Hollenback*, No. 5:14-hc-02016-FL, 2015 WL 859575 (E.D.N.C. Feb. 27, 2015), the United States District Court for the Eastern District of North Carolina dismissed the petitioner's § 2241 motion in part because *Rosemond* is not retroactively applicable on collateral review. The Fourth Circuit affirmed the decision in an unpublished per curiam opinion, finding no reversible error. *Bey v. Hollenbeck*, No. 15-6468, 616 F. App'x 125 (4th Cir. Oct. 5, 2015). The Fourth Circuit has also affirmed decisions of the United States

---

[7] In *Franklin*, this Court accepted the Department of Justice's position and treated *Rosemond* as retroactive. The petitioner, however, had been prosecuted under both an aiding and abetting theory and a theory of liability under *Pinkerton v. United States*, 328 U.S. 640, 647, 66 S. Ct. 1180 (1946). On appeal, the Fourth Circuit, without addressing whether *Rosemond* is retroactive, remanded the case because this Court applied the wrong level of review when considering the alternative theories of liability. *United States v. Franklin*, 709 F. App'x 202, 203 (4th Cir. Jan. 22, 2018).

14

District Courts for the North District of West Virginia and District of South Carolina holding the same. *See Cooper v. Brien*, No. 5:14CV112, 2015 WL 6085717, at *4 (N.D.W. Va. Oct. 16, 2015), *aff'd sub nom. Cooper v. O'Brien*, 639 F. App'x 196 (4th Cir. 2016); *see also United States v. Davis*, No. CR 0:04-898-JFA, 2015 WL 13721525, at *4 (D.S.C. Feb. 9, 2015), *aff'd*, No. 15-6326, 608 F. App'x 164 (4th Cir. July 1, 2015).

Affirming these District Court decisions is consistent with the Fourth Circuit's recognition that "retroactive application of new constitutional rules on collateral review is reserved only for truly exceptional cases." *United States v. Sanders*, 247 F.3d 139, 151 (4th Cir. 2001). Further, there are several other United States District Court decisions in this Circuit holding that *Rosemond* does not apply retroactively. *See, e.g., Whitener v. United States*, No. 3:14-CV-00600-MOC, 2014 WL 6808789, at *2 (W.D.N.C. Dec. 2, 2014); *Stevens v. United States*, No. 1:10-CR-446, 2015 WL 13449677, at *1 (E.D. Va. Sept. 22, 2015).

Even assuming that *Rosemond* does apply retroactively, Sterling cannot satisfy the *In re Jones* Savings Clause requirements because the evidence introduced during trial sufficiently established that he knew the firearms would be used in the underlying crimes. There was also sufficient evidence to establish that he knew the firearms would be used in furtherance of a drug-trafficking crime. As explained above, cooperating witnesses testified that he participated in the May 28, 2001 murder of Kenyatta Harris and the June 26, 2001 murder of Angelo Stringfellow. These murders were carried out as part of a "contract" put on the lives of the victims by Jermaine Bell, a Baltimore drug dealer affiliated with the R & G drug organization, who "issued the contract" because of a "neighborhood beef" and because of a "battle over some drug territory." (Nov. 18, 2008 Tr., ECF No. 308 at 39.) The cooperators

15

further testified that Sterling was present during conversations in which these motives for the murders were discussed.

Corey Smith, one of Sterling's co-conspirators, testified that during a meeting among Bell, Smith, Sterling, and others, Bell stated that the reason he wanted Harris and Stringfellow, among others, dead was because of a drug territory dispute. (Nov. 18, 2008 Tr., ECF No. 308 at 68.) Smith also testified to subsequent conversations in which Sterling was present when Bell stated that he would pay $25,000 for the murder of Stringfellow, *id.* at 90, and although Bell did not "go into too much other detail," he stated that he wanted Stringfellow, Harris, and two other individuals dead because of the drug territory, *id.* at 91.

In addition, another one of Sterling's co-conspirators, William DeShields, testified that while in Sterling's Pathfinder with him and the other co-Defendants, Smith stated that the murders of Stringfellow and Harris were because of a "drug turf dispute":

> **Q**: . . . [D]id you ever hear Corey talk about the fact that the contract [to kill] was because of a drug turf dispute?
> **A**: Yes.
> **Q**: One time or more than one time?
> **A**: More than one time.
> **Q**: And on those occasions, where were you?
> **A**: In the Pathfinder.
> **Q**: And who were you with in the Pathfinder?
> **A**: Me, Sterling, Corey and Fat Eric.
> . . .
> **Q**: You testified about conversations in the Pathfinder about Corey saying that the beef was over a drug turf. Was Sterling present for those conversations?
> **A**: Yes, sir.

(Dec. 1, 2008 Trial Tr., ECF No. 313 at 116, 206-07.) Another accomplice, Perry Austin, also testified that Sterling was present for a conversation where Smith stated Bell put a "hit out on Kenyatta [Harris] because he was getting into his pockets," meaning he was "taking

sales from a drug area." (Nov. 19, 2008 Tr. ECF No. 309 at 23.) These are a few instances of the ample evidence demonstrating that Sterling was present when it was discussed that the two individuals would be murdered to advance a co-defendant's drug business.

Moreover, on appeal, the Fourth Circuit denied Sterling's appeal that the evidence introduced at trial was insufficient "to demonstrate that [Sterling] possessed the weapons *in furtherance of a heroine conspiracy.*" (ECF No. 335-2) (emphasis added). Accordingly, the evidence was overwhelming that Petitioner had clear advanced knowledge that a firearm would be used in carrying out the charged offenses which were drug-trafficking offenses.

For these same reasons, if Petitioner had met the Savings Clause requirements as set out in *In re Jones* and properly brought a § 2241 Motion, that Motion would still fail on the merits. Although this Court did not err when instructing the jury in Sterling's case—as the trial was years in advance of the *Rosemond* decision—under a harmless error analysis, Sterling would still not be entitled to relief. An error of jury instructions is harmless if it is clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the instructional error. *See United States v. McFadden*, 823 F.3d 217, 224 (4th Cir. 2016) ("Both the Supreme Court and this Court have held that an erroneously omitted jury instruction may be deemed harmless if the omitted element is supported by overwhelming evidence admitted at trial." (citing *Nedar v. United States*, 527 U.S. 1, 18, 119 S. Ct. 182 (1999); *United States v. Brown*, 202 F.3d 691, 699 (4th Cir. 2000)). As explained above, the evidence presented during Sterling's trial established his guilt under both prongs of *Rosemond*. Accordingly, Petitioner's Motion for Relief from Judgement (ECF No. 415) and Motion for Reconsideration (ECF No. 441) are DENIED.

## CONCLUSION

For the reasons stated above, Petitioner's Motion for Reconsideration of this Court's Memorandum Opinion and Order denying his prior Motion to Vacate Under 28 U.S.C. § 2255 (ECF No. 405) is DENIED; Petitioner's Motion for Relief from Judgement Pursuant to Federal Rule of Civil Procedure 60(b)(5) and (6) (ECF No. 415) is DENIED; Petitioner's Motion for Reconsideration of Court's Opinion and Order denying the Motion to Vacate Conviction under 28 U.S.C. §2241 (ECF No. 441) is DENIED; and Petitioner's second Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 443) is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

As noted above, there is a split of authority with respect to whether the Supreme Court's ruling in *Rosemond v. United States*, 572 U.S. 65, 134 S. Ct. 1240 (2014) applies retroactively to cases on collateral review. The United States Courts of Appeals for the

Seventh and Eighth Circuits have held that *Rosemond* does apply retroactively. *See Montana v. Cross*, 829 F.3d 775, 784 (7th Cir. 2016); *see also United States v. McArthur*, 850 F.3d 925 (8th Cir. 2017). Furthermore, the United States Court of Appeals for the Third Circuit granted a certificate of appealability on the issue of whether *Rosemond* applies retroactively, but ultimately did not address the issue. *See United States v. Whitted*, No. 15-3752, 734 F. App'x 90 (3d Cir. May 18, 2018). The United States Court of Appeals for the Fifth Circuit has specifically held that *Rosemond* does not apply retroactively. *See United States v. Nix*, 694 F. App'x 287 (5th Cir. 2017). As analyzed above, the United States Court of Appeals for the Fourth Circuit has affirmed District Court decisions holding that *Rosemond* does not apply retroactively to cases on collateral review. However, the Fourth Circuit has never directly addressed the question in a published opinion. Accordingly, reasonable jurists could find Petitioner's claim debatable on this particular question. However, even if *Rosemond* applied retroactively, the overwhelming evidence in this case clearly indicates that Petitioner had advanced knowledge that a firearm would be used in carrying out the charged offenses which were drug-trafficking offenses. Accordingly, a certificate of appealability is DENIED.

A Separate Order follows.

Dated: November 1, 2018

*/s/ RDB*

Richard D. Bennett
United States District Judge